

**ORDERED in the Southern District of Florida on October 19, 2018.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division
www.flsb.uscourts.gov

In Re:

JOHN J. FINTON,                                    Case No.: 16-19222-LMI

               Debtor.                          Chapter 11

_____/

## ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN

WHEREAS, the Debtor, as debtor-in-possession, and as the "proponent of the plan" within the meaning of Section 1129 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), filed the *Debtor's Second Amended Chapter 11 Plan* dated July 10, 2018 [DE#376] (the "Plan") and the *Second Amended Disclosure Statement* dated July 10, 2018 [DE#377] (the "Disclosure Statement") and

WHEREAS, this court entered an *Amended Order Approving Second Amended Disclosure Statement* [DE#382] on July 17, 2018; and

WHEREAS, the Debtor filed its *Supplement to Second Amended Plan of*

*Reorganization [DE #376]* on August 29, 3018 [DE#435]; and

WHEREAS, the Debtor filed the *Confirmation Affidavit of John J. Finton* [DE#429] sworn on August 24, 2018 regarding the allegations contained in the Plan and Disclosure Statement (the "Confirmation Affidavit"); and

WHEREAS, at the hearing on confirmation of the Plan, counsel for Debtor proffered the testimony of Debtor attesting to and certifying the method of the ballot tabulation and results of voting for the Classes of Claims entitled to vote to accept or reject the Plan, that proffer being accepted by the Court without objection; and

WHEREAS, the Hearing Notice for confirmation of the Plan, the Plan, the Disclosure Statement, the Order Approving Disclosure Statement, and, for those parties entitled to vote on the Plan, a ballot was transmitted in accordance with the Voting Procedures as set forth in the Disclosure Statement and in accordance with this Court's Order Approving Disclosure Statement, and such service is adequate as provided by Bankruptcy Rule 3017(d); and

WHEREAS, the Debtor indicated on the record that it may, prior to the entry of a Final Decree, request this Court administratively close this case so that upon entry of an order administratively closing this case, it will no longer be required to prepare operating reports or pay quarterly fees to the United States Trustee; and

WHEREAS, objections to the confirmation of the Plan were resolved prior to confirmation or otherwise overruled for the reasons set forth on the record; and

WHEREAS, the hearing on confirmation of the Plan was held on August 29, 2018 at 2:30 PM.

NOW THEREFORE, based upon (i) the Plan, the Disclosure Statement, and the Confirmation Affidavit; (ii) all of the evidence proffered or adduced at, documents filed in connection with, and arguments of counsel made at, the Confirmation Hearing; and (iii) the entire record of the Debtor's Chapter 11 case; and after due deliberation thereon and good cause appearing therefor:

THE COURT HEREBY FINDS AND DETERMINES THAT:

A.      **Exclusive Jurisdiction; Venue; Core Proceeding**.    On June 30, 2016, a petition for relief under Chapter 11 of the Bankruptcy Code was filed. The Court has jurisdiction over the Debtor's Chapter 11 case pursuant to 28 U.S.C. §§157 and 1334 and reference from the United States District Court for the Southern District of Florida. Venue of the Debtor's Chapter 11 case is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Court has exclusive jurisdiction to determine the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.      **Burden of Proof**. The Debtor has met his burden of proving the elements of Sections 1129 (a) and (b) of the Bankruptcy Code by a preponderance of evidence.

C.      **Transmittal and Mailing of Materials; Notice**.    The Disclosure Statement, the Plan, the Ballots, the Disclosure Statement Order and the Confirmation Hearing Notice, which were transmitted and served as set forth in the Order Approving Disclosure Statement and Setting Hearing on Confirmation of Plan, were transmitted and served in compliance with the Disclosure Statement Order, the Solicitation Procedures, and in the Bankruptcy Rules and such transmittal and service were adequate and sufficient under the circumstances, and no other or further notice is or shall be required.

D.    **Voting.** Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and Disclosure Statement Order.

E.    **Principal Purpose of the Plan (11 U.S.C. §1129(d)**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as amended.

THE COURT HEREBY ORDERS as follows:

1.    **Confirmation**. The Plan, and each of its provisions, shall be, and hereby are, approved and confirmed, provided however, that if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. The failure to specifically include any particular provisions of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provisions, it being understood that it is the intent of the Court that the Plan be confirmed and approved in its entity.

2.    **Binding Effect**. The Plan and its provisions shall be binding upon the Debtor, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against or interest in the Debtor, including any governmental entities, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan.

3.    **General Authorizations**. The Debtor is authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements and documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan.   The Debtor and his attorneys are

authorized and empowered to issue, execute, deliver, file or record any agreement or document and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms or take any or all actions authorized to be taken pursuant to the Plan whether or not specifically referred to in the Plan without further order of the Court.

4. **Securities Laws Exemption.** The beneficial interests of the rights of holders of Allowed Claims to receive distributions under the Plan are exempt from the provisions of Section 5 of the Securities Act of 1933, as amended, and any state or local law requiring registration for the offer, issuance, distribution, or sale of a security by reason of section 1145(a) of the Bankruptcy Code.

5. **Governmental Approvals Not Required**. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements and any amendments or modifications thereto.

6. **Notice of Entry of Confirmation Order**. On or before the tenth Business day following the date of entry of this Confirmation Order, the Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all creditors and record interest holders, the United States Trustee and all other parties in interest , by causing notice of entry of the Confirmation Order to be delivered to such parties by first class mail, postage prepaid.

7.      **Notice of Effective Date**. Within five business days following the occurrence of the Effective Date, the Debtor shall file the notice of the occurrence of the Effective Date and shall serve a copy of the same on all creditors and record interest holders, the U.S. Trustee and all other parties in interest.

8.      **Notice of Debtor's Intent to File Motion to Administratively Close Case**.  The Debtor may, prior to the entry of a Final Decree, file a motion requesting this Court administratively close this case so that he will no longer be required to prepare operating reports or pay quarterly fees to the United States Trustee and seek to reopen the case, without the need to pay a filing fee or other fee to the Clerk, upon completion of payments in order to obtain a discharge and a Final Decree closing the case.

9.      **United States Trustee Fees**.  The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) through Confirmation on the Effective Date.  The Reorganized Debtor shall file with the Court post-confirmation Quarterly Operating Reports and pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods within the time periods set forth in 28 U.S.C. §1930(a)(6), until the earlier of the closing of this Case either by administrative closing, by the issuance of a Final Decree by the Court, or upon entry of an order of this Court dismissing this Case, or converting this Case to another chapter under the Code.

10.     **Attorneys Fees.**   Attorneys fees and costs in the amount of $106,428.22 in favor of David Lloyd Merrill, Esquire were awarded by the court at the confirmation hearing.  Attorneys fees, as an administrative claim of the estate are due and payable on or before the Effective Date which is fifteen days from the date of this order, unless other

arrangements have been made.   In this case, the following arrangements between the Debtor and Counsel: The Debtor will pay, FOR BOTH THIS CASE AND FOR THE AFFILIATED CASE JOHN J. FINTON, Case No.: 16-19221-LMI, $25,000.00 immediately plus $15,000.00 per month for five months due on the first of each month starting October 1, 2018 for a total of $100,000.00.   Payments made in either this case or the affiliated case are to be included as payments for both cases, and the total amount agreed to be paid in $100,000.00.   Failure to comply with the timely payment of administrative expenses will subject this case to dismissal or other remedies.

11.   **Other Provisions.**   The Debtor's Supplement to the Second Amended Plan filed at DE#435 for Class 7 for the general unsecured class in included herein in its entirety, **with the following additional language**:   "As provided for on the record, any net income provided by the business entity disclosed in Exhibit C of the Disclosure Statement shall be paid into this estate and will be used to satisfy the Debtor's plan obligations."   The plan as modified by DE# 435 is confirmed and the Court finds the modification does not require resolicitation

12.   **Disbursing agent**.   The disbursing agent for this case is the Debtor, John J. Finton

13.   **Discharge.**   Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

14.   **Post Confirmation Status Conference.   A post confirmation status**

conference will be held on February 6, 2019 at 2:00 PM at the United States

Bankruptcy Court, 301 N. Miami Avenue, Courtroom 8, Miami, Florida 33128.

###

Submitted by David Lloyd Merrill, Esq.

*David Lloyd Merrill, Esq. is hereby directed to serve a copy of this order upon all interested parties immediately upon receipt.*